IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KIM POTTER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ETHICON, INC. and JOHNSON & JOHNSON,<br><br>　　　　　　Defendants. | CV 20-95-BLG-SPW<br><br>ORDER RE DEFENDANTS' MOTION TO DISMISS |

Before the Court is Defendants Ethicon, Inc. and Johnson & Johnson's motion for dismissal of Plaintiff Kim Potter's Complaint for failure to state a claim, filed on September 1, 2020. (Doc. 14). Plaintiff opposed the motion in a response filed September 15, 2020. (Doc. 20). Defendants replied on September 29, 2020. (Doc. 24). The motion is now deemed fully briefed and ripe for adjudication. For the following reasons, Defendants' motion is granted in part and denied in part.

**I.   BACKGROUND**

Kim Potter underwent surgery on March 31, 2010, to have a Gynemesh Prolene PS device implanted. The Gynemesh device is manufactured by Ethicon,

1

Inc. Johnson & Johnson is the parent company of Ethicon, Inc. The device was intended to treat Plaintiff's stress urinary incontinence condition.

As alleged by Plaintiff, the Gynemesh device began to deteriorate requiring Plaintiff to undergo revision surgery on July 21, 2017. Plaintiff alleges the deterioration of the device caused Plaintiff daily pain and suffering due to exposed mesh.

On February 20, 2020, Plaintiff again underwent revision surgery to mend the Gynemesh device at Billings Clinic Hospital in Billings, Montana. Plaintiff alleges the device had eroded causing Plaintiff further pain, suffering, and deformity.

Plaintiff filed a products liability lawsuit on July 1, 2020, with the following claims: (Count I) strict liability – failure to warn; (Count II) strict liability – design defect; (Count III) strict liability – manufacturing defect; (Count IV) negligence; (Count V) negligent misrepresentation; (Count VI) breach of express warranty; (Count VII) breach of implied warranty; (Count VIII) violation of consumer protection laws; (Count IX) fraud; (Count X) unjust enrichment; (Count XI) gross negligence; and (Count XII) punitive damages.

Defendants now move to dismiss the Complaint. Defendants argue generally that the Complaint utilizes improper shotgun pleadings that do not allege sufficient facts regarding the specific product at issue. Defendants also claim Counts III and

IV (manufacturing defects) are legally deficient because Plaintiff fails to allege facts demonstrating how the Gynemesh device deviated from Ethicon, Inc.'s design or manufacturing specifications. Plaintiff's negligent misrepresentation claim (Count V) and fraud claim (Count IX) should also be dismissed as those claims are not pled with particularity. Plaintiff's breach of warranty claims (Counts VI and VII) should be dismissed for failure to provide pre-suit notice as required by Montana law. Finally, Defendants argue Plaintiff's claim for relief under the Montana Consumer Protection Act ("MCPA") (Count VIII) should be dismissed because the claim does not fall within the scope of the MCPA.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to the non-moving party. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). However, the complaint is insufficient if it provides only "labels

and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

If the complaint fails to demonstrate facial plausibility, the reviewing court "'should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir 2000) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995).

## III. DISCUSSION

As an initial matter, Plaintiff conceded to the dismissal of her manufacturing defect claim (Count III), negligent misrepresentation claim (Count V), claim for violation of consumer protection laws (Count VIII), and fraud claim (Count IX). These claims are dismissed with prejudice.

### a. Shotgun Pleading

Shotgun pleading occurs when a complaint presents broad allegations in an "everyone did everything" manner, making it difficult for defendants to discern what alleged violation is tied to which actor. *Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011); *See also Wilburn v. Bratcher*, 2015 WL 9490242 (E.D. Cal. Dec. 30, 2015). The Ninth Circuit has held this form of pleading violates Federal Rule 8(a)'s requirement to provide fair notice to defendants. *Destfino*, 630 F.3d at 959. Defendants argue Plaintiff's Complaint employs this shotgun method

by listing general factual allegations at the beginning of the Complaint and then incorporating those general factual allegations solely through reference in the subsequent claims. According to the argument, Defendants are "left to parse the remainder of the Complaint to locate operative facts that may relate to Plaintiff's claims." Defendants assert this method of pleading does not satisfy the *Twombly/Iqbal* fair notice standard.

The Court is not persuaded by this argument. The Complaint does lay out a general factual background at the beginning, but each count also includes sufficient factual allegations in support of the claim expressed. For example, Plaintiff's failure to warn claim (Count I) reincorporates the general factual allegations by reference before proceeding to describe conduct and warnings specific to the claim that Plaintiff believes entitles her to relief. Those specific allegations include Defendants' alleged failure to warn about the device's propensities for degradation and the device's propensity to shrink. (Doc. 1 at 11-14). Construing the Complaint in the light most favorable to the Plaintiff, the Court finds that sufficient factual allegations were pleaded to satisfy the requirement of expressing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

    **b. Negligence Claim (Count IV)**

In their opening brief, Defendants argued that Plaintiff's manufacturing defect claims (Counts III and IV) must be dismissed because Plaintiff failed to allege "any facts explaining *how* her Gynemesh Prolene PS implant failed to conform to Ethicon, Inc.'s intended design or to other units in the same product line." (Doc. 15 at 8-9) (emphasis in original). Plaintiff conceded to the dismissal of her manufacturing defect claim (Count III), but now argues dismissal of her negligence claim (Count IV) is unwarranted because "Count IV of Plaintiff's Complaint seeks to hold Defendants responsible for their ordinary negligence;" not negligent manufacturing defects. (Doc. 20 at 6). To the extent Count IV alleges strict liability negligence in manufacturing defects, the claim is dismissed. However, Plaintiff may proceed with her claim for ordinary negligence.

### c. Breach of Warranty Claims (Counts VI and VII)

Finally, Defendants argue Plaintiff's breach of warranty claims (Counts VI and VII) must be dismissed "[b]ecause Plaintiff does not allege that she provided Defendants reasonable written notice of the alleged breach of warranty prior to filing suit." (Doc. 15 at 13). Plaintiff responds that Montana law does not require a claimant to notify a defendant of a breach of warranty before filing suit. Plaintiff insists that because she filed her Complaint within the operative statute of limitations, the Complaint itself constitutes notice and that it is for the jury to decide whether the notice was seasonable.

6

Mont. Code Ann. § 30-2-607(3)(a) states "[w]here a tender has been accepted . . . the buyer must within a reasonable time after the buyer discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Relying on this statute, the court in *Kaparich v. Ethicon, Inc.*, 2020 WL 4784687 (D. Mont. Aug. 18, 2020), dealt with an identical warranty notice issue. In *Kaparich*, the plaintiff conceded that she did not provide pre-suit notice to the defendants about her breach of warranty claims, but she argued pre-suit notice was not required. Judge Molloy acknowledged that, while some states no longer required pre-suit notice for warranty issues, Montana was not one of them. *Kaparich*, 2020 WL 4784687, at *2. Thus, because Kaparich did not provide the required pre-suit notice, her claims for breach of warranty were dismissed. *Id.*

The same reasoning applies here. Plaintiff does not dispute that she did not provide pre-suit notice of her warranty claims, but she argues her timely Complaint should satisfy the notice requirement. The Court finds that it does not. Because Plaintiff failed to provide the required notice under Mont. Code Ann. § 30-2-607(3)(a), her breach of warranty claims are dismissed with prejudice.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Complaint does not improperly utilize shotgun pleading and Counts I, II, X, XI, and XII sufficiently

7

state a claim upon which relief could be granted. Counts III, V, VIII, and IX are voluntarily dismissed with prejudice. Count IV is dismissed to the extent it seeks to allege strict liability negligence of a manufacturing defect. Counts VI and VII are dismissed with prejudice for failure to provide the required pre-suit notice.

DATED this 19th day of February, 2021.

                                        /s/ Susan P. Watters
                                        SUSAN P. WATTERS
                                        United States District Judge